IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISON

| | |
|---|---|
| YEN LAM NOVACK, MY VINSON, AND KEVIN MATA<br><br>*Plaintiffs,*<br><br>v.<br><br>RICE108 INC d/b/a PHO CHATEAU and THYANNE NGO, Individually.<br><br>*Defendants.* | Civil Action No. _____ |

## COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Yen Lam Novack, My Vinson, and Kevin Mata (collectively, "Plaintiffs") file this action against RICE108 INC dba Pho Chateau and Thyanne Ngo (collectively, "Defendants") to recover damages for violations of the Fair Labor and Standards Act ("FLSA") and would show the Court and jury as follows:

### I. INTRODUCTORY STATEMENT

1. Congress passed the FLSA in 1938 in an attempt to eliminate low wages, long hours, and provide American workers with a wage that would support a minimum standard of living. The FLSA seeks to achieve these goals by providing a minimum wage, overtime, and other protections for employees.

2. However, Defendants attempted to circumvent the FLSA by paying its employees less than the minimum wage. *See* 29 U.S.C. § 206.

3. The FLSA does provide employers with an affirmative defense to the payment of minimum wage – called the tip credit. *See* 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of "wages" the amount that an employee receives in tips. *Id*. In order to lawfully apply a tip credit toward an employee's minimum wage, an employer must satisfy *two conditions*: 1) the employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a lawfully administered tip pool among employees who customarily and regularly receive tips. *See Id*.

4. However, Defendants' actions violate Section 203(m) – an affirmative defense – in that Defendants failed to (1) inform tipped employees of the tip credit pursuant to 29 U.S.C. § 203(m); and (2) not allowing employees to retain all their tips. *See* 29 U.S.C. § 203.

## I. PARTIES

5. Plaintiff, Yen Lam Novack, is an individual, who was employed by Defendants within the three (3) years preceding the filing of this lawsuit.

6. Ms. Novack's consent is attached as "Exhibit A." All pleas, pleadings, motions, discovery, and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

7. Plaintiff, My Vinson, is an individual, who was employed by Defendants within the three (3) years preceding the filing of this lawsuit.

8. Ms. Vinson's consent is attached as "Exhibit B." All pleas, pleadings, motions, discovery, and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

9. Plaintiff, Kevin Mata, is an individual, who was employed by Defendant within the three (3) years preceding the filing of this lawsuit.

10. Mr. Mata's consent is attached as "Exhibit C." All please, pleadings, motions, discovery, and other matters related in whole or in part to this case should be served on Plaintiff's attorney, Mr. Drew N. Herrmann with Herrmann Law, PLLC, 777 Main St., Suite 600, Fort Worth, Texas 76102.

11. At all times hereinafter mentioned, Plaintiffs were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206.

12. Defendant RICE108 INC dba Pho Chateau ("Pho Chateau") is a Texas corporation doing business in Irving, Texas. Pho Chateau is engaged in operating and managing a restaurant establishment called Pho Chateau located in Irving, Texas, which provides dining to paying customers, including out-of-state travelers. Pho Chateau can be served with process by serving its registered agent, Vuong Nguyen, at 1818 Breeds Hill Rd, Garland, Texas 75040.

13. Defendant Thyanne Ngo ("Ngo"), an individual, is the General Manager of Defendant Pho Chateau. In her capacity as General Manager, Ngo acts directly or indirectly in the interest of Pho Chateau in relation to its employees (including

Plaintiffs) by making operational and strategic decisions affecting employees, including decisions affecting employee compensation. Ngo is individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Ngo can be served at her place of business located at her home located at 1818 Breeds Hill Rd, Garland, Texas 75040, or wherever she may be found.

## II. JURISDICTION AND VENUE

14. Jurisdiction of this action is conferred upon the Court by sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217, and by 28 U.S.C. §§ 1331, 1345.

15. This Court has jurisdiction over the parties because Defendants are doing business in Texas and employing Texas residents to work at Defendants' Texas business location.

16. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district – Dallas County, Texas. Specifically, Plaintiffs worked at Defendants' restaurant located in Irving, Dallas County, Texas.

## III. FLSA COVERAGE

17. At all material times, Pho Chateau and Ngo (collectively, Defendants) have acted, directly or indirectly, in the interest of an employer with respect to Plaintiffs.

18. At all material times, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d). Specifically, Ngo controls Defendant Pho Chateau by making strategic, operational and policy decisions, and

exerting operational control.[1]

19. Upon information and belief, at all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20. At all times hereinafter mentioned, Defendant Pho Chateau has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

21. At all times hereinafter mentioned, Plaintiffs were individual employees, employed by Defendants, who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324 (5th Cir. 1993). Specifically, Plaintiffs have served food to customers who were traveling across interstate highways, handled food and other food service items that traveled in interstate commerce, and processed interstate credit card transactions. Further, Plaintiffs have handled materials and goods that have been moved or produced in interstate commerce, which Defendants

---

[1] Pho Chateau's website lists Ngo as the General Manager who "manages the restaurant . . ." *See* http://phochateau.com/about/

purchased or used in its business operation.

22. During the relevant period, Defendants have willfully violated and are violating the provisions of Sections 206 of the FLSA, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, and not compensating them in accordance with the minimum wage cited therein.

### IV. FACTS

23. Defendant Pho Chateau operates a restaurant in Irving, Texas.

24. Defendant Pho Chateau is engaged in interstate commerce in that it provides goods and services to customers that are moving in interstate commerce.

25. Defendant Pho Chateau had gross receipts in excess of $500,000, for the year 2016.

26. Defendant Pho Chateau had gross receipts in excess of $500,000, for the year 2015.

27. Defendant Pho Chateau had gross receipts in excess of $500,000, cumulatively over the previous four (4) quarters.

28. The primary function of Pho Chateau is the operation of a restaurant called "Pho Chateau". Defendants employed Plaintiffs as waiters and waitresses ("servers") within the three-year period preceding the filing of this lawsuit.

29. Plaintiffs were employees of Defendants, as that term is defined by the FLSA and relevant case law. *See e.g.*, *Reich*, 998 F.2d at 324.

30. Defendants employed Plaintiffs on an hourly basis and takes a tip credit

against the full minimum wage.

31. In other words, Defendants paid Plaintiffs less than $7.25 per hour in direct wages – prior to accounting for earned tips.

32. Instead, Defendant relies on tips generated from customers to supplement the servers' pay and bring the effective rate of pay – with tips included – up to the required minimum wage. The use of the tip-credit results in huge savings to Defendants because Defendants pay Plaintiffs less than minimum wage in direct wages per hour.

33. However, Defendants required Plaintiffs to participate in a tip pool of which a portion of the pool was distributed to Defendant Ngo – a General Manager – who may not lawfully participate in a tip pool, violating "condition two" of 29 U.S.C. § 203(m). *See Bernal v. Vankar Enterprises, Inc.*, 579 F. Supp. 2d 804, 808 (W.D. Tex. 2008) (Where management employees participate in a tip pool, the pool is invalid.); *See also,* 29 C.F.R. § 531.35.

34. Specifically, all of the tips earned by Plaintiffs and other employees during each shift were required to be pooled. However, prior to redistributing the tips, Defendants kept a portion of Plaintiffs' tips, deducting three percent (3%) of the total sales from the tip pool for each shifts sales. Because Defendants retained a portion of Plaintiffs' tips, Defendants are disavowed from using the Section 203(m) tip credit as a defense to the payment of the full minimum wage.

35. Moreover, Defendant did not inform Plaintiffs of the provisions of the tip credit, violating condition one of 29 U.S.C. § 203(m). *See* 29 C.F.R. § 531.59(b).

i. Defendants did not inform Plaintiffs of the amount of the tips to be credited toward the minimum wage. *See Id.*

ii. Defendants did not inform Plaintiffs that all tips received by the employee must be retained by the employee. *See Id.*

iii. Defendants did not inform Plaintiffs that the tip credit shall not apply to any employee who has not been informed by the employer of the provisions for a tip credit. *See Id.*

iv. Defendants did not inform Plaintiffs that the tip credit may only be taken as to the amount of the tips actually received by the employee and that the employer may not retain any of the employee's tips. *See* Id.

36. Defendants' method of paying Plaintiffs in violation of the FLSA, as described above in paragraphs 23 – 35, was not based on good faith and a reasonable belief that its conduct complied with the FLSA.

37. Defendants willfully violated and are violating the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay Plaintiffs, for their employment in an enterprise engaged in commerce or the production of goods for commerce, wages at rates not less than minimum wage (i.e. $7.25 per hour). A three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

### V. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

38. During the relevant period, Defendants have violated and are violating

the provisions of Section 6 of the FLSA, 29 U.S.C. § 206, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of commerce within the meaning of the FLSA, as aforesaid, by failing to pay such employees at the minimum wage rate. Defendants pay Plaintiffs less than the federally mandated minimum wage of $7.25 per hour. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendants or Plaintiffs.

39. Defendants failure to pay Plaintiffs at the minimum wage rate is a violation of the FLSA's minimum wage requirement. *See* 26 U.S.C. § 206. Defendants cannot use Section 203(m) as an affirmative defense to the payment of minimum wage because its practice of deducting three percent (3%) of Plaintiffs' sales from their tips disavows the use of the "tip-credit" as cited in Section 203(m). Also, Defendants cannot rely on Section 203(m) because Defendants did not give Plaintiffs notice of its intent to pay Plaintiffs in accordance with the tip credit provisions specified in Section 203(m) and Section 531.59 of the Code of Federal Regulations.

## VI. DAMAGES SOUGHT

40. Plaintiffs are entitled to recover compensation for the hours worked for which Plaintiffs were not paid at the federally mandated minimum wage rate.

41. Plaintiffs are entitled to all of the misappropriated funds, including remittance of the full amount of the tips Defendants received from customers, which were for the benefit of Plaintiffs. This includes the remittance of the three percent of Plaintiffs' sales, which Defendants deducted from Plaintiffs' tips. Without repayment

of these misappropriated funds, including the remittance of the full amount of tips received, Plaintiffs will not have been paid minimum wage in accordance with the FLSA.

42. Plaintiffs are also entitled to an amount of damages equal to all of the unpaid wages and fees as liquidated damages as Defendants actions were not based upon good faith. *See* 29 U.S.C. § 216(b).

43. Plaintiffs are entitled to recover attorneys' fees as required by the FLSA. *See* 29 U.S.C. § 216(b).

44. Plaintiffs are separately entitled to recover the costs of this action as required by the FLSA. *See* 29 U.S.C. § 216(b).

## VII. JURY DEMAND

45. Plaintiffs request trial by jury.

## VIII. PRAYER

46. Plaintiffs pray for judgment against Defendants, Pho Chateau and Ngo, jointly and severally, as follows:

   a. For an Order pursuant to Section 216(b) of the FLSA finding Defendants jointly and severally liable for unpaid back wages due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation (including wages and tips) found due to Plaintiffs; and

   b. For an Order awarding Plaintiffs their attorneys' fees; and

   c. For an Order awarding Plaintiffs the costs of this action; and

   d. In the event liquidated damages are not awarded, for an order award

Plaintiffs an amount of pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

e. For an Order granting such other and further relief as this Court deems just and appropriate.

Respectfully submitted,


By: */s/ Drew N. Herrmann*
Drew N. Herrmann
Texas Bar No. 24086523
drew@herrmannlaw.com
Carley S. Amyx
Texas Bar No. 24089641
carley@herrmannlaw.com
**HERRMANN LAW, PLLC**
777 Main St., Suite 600
Fort Worth, Texas 76102
(817) 479-9229 – telephone
(817) 260-0801 – fax

# Exhibit A

# NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

Name: Yen Novack

1. I consent and agree to pursue a claim under the Fair Labor Standards Act against my employer Pho Chateau Restaurant (and its related entities) for claims of unpaid wages during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree to become a party plaintiff and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I designate the law firm and attorneys at Herrmann Law, PLLC to prosecute my wage claims.

5. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature): *[signed]*   Dated: 06/16/2017

Exhibit A

# Exhibit B

# NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

Name: My Vinson

1. I consent and agree to pursue a claim under the Fair Labor Standards Act against my employer Pho Chateau Restaurant (and its related entities) for claims of unpaid wages during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I designate the law firm and attorneys at Herrmann Law, PLLC to prosecute my wage claims.

5. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature): My            Dated: 06/16/17

Exhibit B

# Exhibit C

Exhibit C

# NOTICE OF CONSENT TO BECOME A PARTY PLAINTIFF

Name: _Kevin Mata_

1. I consent and agree to pursue a claim under the Fair Labor Standards Act against my employer Pho Chateau (and its related entities) for claims of unpaid wages during my employment.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act. I hereby consent, agree and opt-in to become a plaintiff and be bound by any judgment by the Court or any settlement of this action.

3. I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. In that case, I also designate the class representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with plaintiffs' counsel concerning attorney's fees and costs, and all other matters pertaining to this lawsuit.

4. I designate the law firm and attorneys at Herrmann Law, PLLC to prosecute my wage claims.

5. In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature): _Kevin Mata_  Dated: _06/22/17_

Exhibit C