IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| YEN LAM NOVACK, ET AL., § | |
|     PLAINTIFFS, § | |
| § | |
| V. § | CASE NO. 3:17-CV-1684-N-BK |
| § | |
| RICE108 INC. D/B/A § | |
| PHO CHATEAU, ET AL., § | |
|     DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to District Judge David Godbey's *Order of Reference*, Doc. 14, and 28 U.S.C. § 636(b), this case has been referred to the undersigned for pretrial management. Pending before the Court is *Defendants' FRCP 12(b)(6) Motion to Dismiss Plaintiffs' Complaint*, Doc. 24. For the reasons stated here, Defendants' motion should be **DENIED**.

**I.     BACKGROUND**

This action arises under the Fair Labor Standards Act ("FLSA"). On June 26, 2017, Plaintiffs filed their original complaint alleging that Defendants RICE108 Inc., doing business as Pho Chateau ("Pho Chateau"), and Thyanne Ngo ("Ngo") failed to pay to Plaintiffs the minimum wage rate under the FLSA. Doc. 1 at 9. According to Plaintiffs, Pho Chateau operates and manages a restaurant at which Ngo serves as general manager. Doc. 1 at 3-4. Pho Chateau and Ngo filed an answer on August 8, 2017. Doc. 7. About three months later, Plaintiffs sought leave to amend their complaint to add Vuong Nguyen ("Nguyen") as a defendant insofar as he serves as Director and President of Pho Chateau. Doc. 12 at 3. The Court granted Plaintiffs'

motion on February 12, 2018.  Doc. 15.  Ngo and Nguyen now move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 24.

## II. PARTIES' ARGUMENTS

By their motion, Ngo and Nguyen argue that Plaintiffs have "not alleged any facts that would establish an employment relationship on a Defendant-by-Defendant basis."  Doc. 24 at 2.  Specifically, they argue that Plaintiffs' complaint "lumps all three Defendants together in a conclusory fashion" and "do[es] not allege any facts to support any claim that [Plaintiffs] have an employment relationship with Ngo and Nguyen, distinct from their relationship—if any— with Pho Chateau."  Doc. 24 at 3.  In opposition, Plaintiffs argue that they have "sufficiently and clearly" alleged that Ngo and Nguyen are "employers," separate and apart from Pho Chateau, under the FLSA.  Doc. 32 at 4.

## III. APPLICABLE LAW

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  However, a complaint must be dismissed under Rule 12(b)(6) when it fails to plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id*.

Under the FSLA, an "employer" is "any person acting directly or indirectly in the interests of an employer in relation to an employee."  *Donovan v. Grim Hotel Co.*, 747 F.2d 966,

971 (5th Cir. 1984) (quoting 29 U.S.C. § 203(d)).  The Court of Appeals for the Fifth Circuit applies the "economic reality" test to determine whether an individual or entity is an employer under the FLSA.  *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (collecting cases).  Under that test, the Court considers whether the alleged employer "(1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id.* at 355 (quoting *Williams v. Henagan*, 595 F.3d 610, 620 (5th Cir. 2010)).  The analysis "must focus upon the totality of the circumstances, underscoring the economic realities of the [employees'] employment."  *Market v. Extended Stay America*, No. 3:15-CV-4065-6,G 2016 WL 2914994, at * (N.D. Tex. May 19, 2016) (Fish, J.) (quoting *Donovan v. Sabine Irrigation Co.*, 695 F.2d 190, 194 (5th Cir. 1983), *abrogation on other grounds by McLaughlin v. Richland Shoe Company*, 486 U.S. 128, 132-33 (1988).

**IV.   ANALYSIS**

Ngo and Nguyen rely on *Kaminski v. BWW Sugar Land Partners*, No. H-10-551, 2010 WL 4817057 (S.D. Tex. Nov. 19, 2010) to argue that Plaintiffs' claim against them should be dismissed.  [Doc. 24 at 3](Doc. 24 at 3).  Their reliance on *Kaminski* is misplaced.  In that FLSA case, the defendants moved for dismissal arguing that "the general allegation" that the plaintiffs were "employed by Defendants" did not set forth a plausible claim.  *Kaminski*, 2010 WL 4817057, at *1.  The court noted that the complaint did not identify the name or location of any of the restaurants allegedly operated by the 51 defendants, nor did it identify by name or location the restaurant (or restaurants) where any named plaintiff was employed.  *Id.*  Instead, the five plaintiffs' allegations concerning violations of the FLSA were made "globally" against all defendants.  *Id*.  In opposition to the motion to dismiss, the plaintiffs reasoned that they had met

3

their pleading obligation with respect to the defendants' status as FLSA employers because their complaint alleged that the plaintiffs "worked for" the defendants. *Id.* at 2. The court rejected the plaintiffs' contention and found that, to hold more than one employer liable under the FLSA, the plaintiffs must allege at least "some facts" of the employment relationship, such as the location of the restaurants where they were employed. *Id.* ("There simply are no such facts [concerning the employment relationship] alleged in the complaint.").

Conversely, Plaintiffs here have offered allegations detailing Ngo's and Nguyen's roles within Pho Chateau. Specifically, Plaintiffs alleged that Ngo is "the General Manager" of Pho Chateau and acts "directly or indirectly in the interest of Pho Chateau in relation to its employees (including Plaintiffs) by making operational and strategic decisions affecting employees, including decisions affecting employee compensation." Doc. 16 at 3. Such allegations sufficiently state a plausible claim. *See, e.g., Velazquez v. El Pollo Regio IP, LLC*, No: 3:15-CV-03170-M, 2016 WL 3669876, at *3 (N.D. Tex. July 11, 2016) (Lynn, C.J.) (applying the economic reality test and finding employer status sufficiently pled where a plaintiff alleged that the individual defendant was the "corporate officer, and/or owner, and/or manager" of defendant companies and that he "ran the day-to-day operations . . . and was responsible for paying Plaintiff's wages and controlled Plaintiff's work and schedule").

Furthermore, Plaintiffs averred that Ngo "controls Defendant Pho Chateau by making strategic, operational and policy decisions, and exerting operational control through Ngo." Doc. 16 at 5. The Court has previously found similar allegations to state a plausible claim. *See, e.g., Acosta v. Peba Oil & Gas, Inc.*, No. 7:17-CV-00156-M-BP, 2018 WL 1135528, at *5 (N.D. Tex. Feb. 6, 2018) (Ray, Jr., J.), *adopted by* 2018 WL 1083853 (N.D. Tex. Feb. 28, 2018) (Lynn, C.J.) (applying the economic reality test and finding employer status sufficiently pled where a plaintiff

alleged that an owner of a defendant company "acts and has acted directly or indirectly in the interest of the [defendant company] in relation to its employees by making management and personnel decisions . . . and by controlling the day-to-day management of the company").

Moreover, as to Nguyen, Plaintiffs alleged that Nguyen is a "shareholder, Director, and President of Pho Chateau" and, as such, "advises and consults Pho Chateau concerning the restaurant's operations, including policies that directly effects [sic] its employees—including Plaintiffs." Doc. 16 at 3-4. Previously, such an allegation has also been held to contribute to a plausible claim. *See Velazquez*, 2016 WL 3669876, at *3 (finding employer status sufficiently pled where a plaintiff alleged, *inter alia*, that the individual defendants were corporate officers and/or owners, and/or managers of the defendant companies). In addition to his role in the company, Plaintiffs explained that Nguyen "acts directly or indirectly in the interest of Pho Chateau in relation to its employees (including Plaintiffs) by making operational and strategic decisions affecting employees, including decisions affecting employee policies and compensation." Doc. 16 at 4. *See Acosta*, 2018 WL 1135528, at *5. Finally, Plaintiffs alleged that Nguyen "exert[ed] operational control through Ngo." Doc. 16 at 5. *Acosta*, 2018 WL 1135528, at *5; *see also Gray*, 673 F.3d 352 at 357 ("The dominant theme in the case law is that those who have operating control over employees within companies may be individually liable for FLSA violations committed by the companies.").

Based on all of Plaintiffs' allegations, the Court finds that Plaintiffs have met the pleading requirements of the Federal Rules of Civil Procedure, and Defendants' motion to dismiss based on Rule 12(b)(6) should be **DENIED**.

### V.   CONCLUSION

For the foregoing reasons, *Defendants' FRCP 12(b)(6) Motion to Dismiss Plaintiffs' Complaint*, Doc. 24, should be **DENIED**.

**SO RECOMMENDED** on December 27, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).